UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EUGENE LILLY,

        Petitioner,

v.                                                                CASE NO. 11-14161
                                                                HONORABLE MARIANNE O. BATTANI
CINDI CURTIN,

        Respondent.

_____/

## ORDER DISMISSING THE HABEAS CORPUS PETITION
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Eugene Lilly has filed a pro se habeas corpus petition challenging his

Midland County convictions for first-degree home invasion and other offenses.  He

alleges that he was denied effective assistance of trial counsel, that there was

insufficient evidence to support his convictions, that he was deprived of his right to

counsel, and that some of his sentences should run concurrently with each other.

These claims are procedurally defaulted because Petitioner failed to raise them in a

timely application for leave to appeal in the Michigan Supreme Court.  Consequently,

the habeas petition must be dismissed.

### I.  Background

Following a jury trial in Midland County Circuit Court, Petitioner was found guilty

of:  first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to

do great bodily harm less than murder, Mich. Comp. Laws §750.84; aggravated

stalking, Mich. Comp. Laws §750.411i; interference with an electronic communication,

Mich. Comp. Laws § 750.540; two counts of assault with a dangerous weapon, Mich.

Comp. Laws § 750.82; destruction of property worth at least $1,000, but less than

$20,000, Mich. Comp. Laws § 750.377a(1)(b)(i); and destruction of property worth less

than $200, Mich. Comp. Laws § 750.377a(1)(d).  Petitioner's convictions arose from

> an incident that occurred at the home of his estranged wife, Teresa.
> Teresa had initiated divorce proceedings and obtained a personal
> protection order (PPO) against defendant.  On June 8, 2008, Teresa was
> at home with her teenage son and her elderly mother.  After her son
> noticed that the phone line had gone dead, defendant appeared at
> Teresa's bedroom window armed with a sickle.  Defendant demanded
> entry and told Teresa that he had cut the phone lines to prevent her from
> summoning help.  He also threatened to harm her son if she refused to let
> him in.  When defendant went to the front door of the home, Teresa sent
> him to the back door and had her son exit from the front door to summon
> help.  Defendant entered the home from the back door while still armed
> with the sickle.  Teresa was able to talk defendant into putting down the
> weapon and going outside to talk.
>
> In the meantime, Teresa's son had been able to get to his
> grandfather and apprise him of the situation.  They contacted the police
> and returned together to Teresa's home.  Defendant attacked Teresa's
> father, knocking him to the ground.  With her help, Teresa's father
> returned to his vehicle and attempted to leave, but defendant retrieved the
> sickle and went after him.  Defendant swung the sickle several times
> toward the man's head and struck his arm as he attempted to defend
> himself, inflicting serious injuries.  Defendant also damaged his vehicle.
> After the [sic] Teresa's father drove away, defendant used the sickle to
> damage Teresa's vehicle before disappearing into the woods.

People v. Lilly, No. 293103, 2010 WL 5174471, at *1 (Mich. Ct. App. Dec. 21, 2010).

On June 12, 2009, the trial court sentenced Petitioner as follows: 140 months to twenty

years for the home invasion, followed by concurrent terms of five to ten years for the

assault, two to five years for aggravated stalking, one to two years for interference with

communications; two to four years for the felonious assaults, two to five years for felony

malicious destruction of property; and ninety days for misdemeanor destruction of

property.

Petitioner appealed his convictions as of right, but the Michigan Court of Appeals affirmed his convictions in an unpublished opinion. See id. Although Petitioner moved for reconsideration, the Court of Appeals returned his motion because it was not filed within twenty-one days of the court's order, as required by Michigan Court Rule 7.215(I)(1). Petitioner then applied for leave to appeal in the Michigan Supreme Court. On March 17, 2011, the state supreme court rejected his application as untimely.

Petitioner submitted his habeas corpus petition to prison officials for mailing to this Court on September 16, 2011. The petition was received and filed by the Clerk of this Court on September 22, 2011. Petitioner alleges in his supporting brief that: (1) any default or untimeliness is excused by (a) the ineffectiveness of his legal writer, (b) a correctional employee's denial of Petitioner's right of access to the courts, and (c) the fact that Petitioner is actually innocent of the crimes charged; (2) he was denied effective assistance of counsel at trial and sentencing; (3) there was insufficient evidence to support the convictions for aggravated stalking and first-degree home invasion; (4) he was denied his right to counsel when the trial court refused his request to obtain new counsel; (5) his sentence for assault with intent to commit great bodily harm and his sentence for the two counts of malicious destruction of property should run concurrently with the sentence for home invasion; and (6) his motion for reconsideration in the Michigan Court of Appeals should have been considered filed when Petitioner placed it in the hands of prison officials.

## II.  Discussion

### A.  Exhaustion; Procedural Default

3

The doctrine of exhaustion of state remedies requires a habeas petitioner to present his claims to the state court before raising them in a federal habeas corpus petition.  See 28 U.S.C. §§ 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State . . . ."  O'Sullivan, 526 U.S. at 845, 847.  This means that a habeas petitioner must first present his or her issues to the state court of appeals and to the state supreme court.  Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009) (citing Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990) (citing Winegar v. Corr. Dep't, 435 F. Supp. 285, 289 (W.D. Mich. 1977)).

The Court of Appeals for the Sixth Circuit explained in Seymour v. Walker, 224 F.3d 542 (6th Cir. 2000), that,

> [w]hen a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.  See Wainwright v. Sykes, 433 U.S. 72, 80, 84–87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Picard v. Connor, 404 U.S. 270, 275–78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case.  See Sykes, 433 U.S. at 87, 90–91, 97 S. Ct. 2497.

Id. at 449-50.

Three elements must be satisfied before a claim may be considered procedurally defaulted:  "(1) the petitioner failed to comply with a state procedural rule that is

4

applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." Willis v. Smith, 351 F.3d 741, 744 (6th Cir. 2003). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed'." Walker v. Martin, __ U.S. __, __, 131 S. Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 558 U.S. __, __, 130 S.Ct. 612, 618 (2009)).

The relevant state procedural rule here is Michigan Court Rule 7.302(C)(2), which requires an application for leave to appeal in the Michigan Supreme Court to be filed within fifty-six days of the Court of Appeals decision in a criminal case. Petitioner violated this rule by filing his application for leave to appeal in the Michigan Supreme Court eighty-six days after the Michigan Court of Appeals decision. The state supreme court enforced Rule 7.302(C)(2) by rejecting Petitioner's application and returning it to him on the ground that Petitioner's application was received after the rule-prescribed time limitation. The rule has been firmly established and regularly followed for years and, therefore, constitutes an adequate and independent state ground for barring federal habeas review. Consequently, Petitioner must show "cause and prejudice" for his procedural default or that a miscarriage of justice will occur as a result of the Court's failure to consider his claims on the merits.

### B. Cause and Prejudice

Petitioner alleges that the prison's paralegal service was ineffective for failing to attach an exhibit to his supplemental brief in the Michigan Court of Appeals. Petitioner also appears to allege that prison officials precluded him from filing a timely motion for

5

reconsideration in the Michigan Court of Appeals.

Petitioner was represented by counsel on appeal and, therefore, was not entirely dependent on a paralegal to present his claims.  Even if he did need help filing his pro se supplemental brief on appeal, reliance on an incompetent paralegal or "jailhouse lawyer" does not constitute cause for a procedural default.  Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988).  Furthermore, Petitioner's claim about his paralegal and the correctional official who allegedly impeded his access to the courts pertains to Petitioner's pro se supplemental brief and his motion for reconsideration in the Michigan Court of Appeals.  Petitioner has offered no explanation for his failure to file a timely application in the Michigan Supreme Court.

The Court concludes that Petitioner has not shown "cause" for his procedural default of failing to file a timely application for leave to appeal in the Michigan Supreme Court.  Because Petitioner has not shown "cause," the Court is not required to determine whether he was prejudiced by the alleged constitutional violation.  Tolliver v. Sheets, 594 F.3d 900, 930 n.13 (6th Cir.), cert. denied, __ U.S. __, 131 S. Ct. 605 (2010).

### C.  Miscarriage of Justice

As an additional basis for excusing his procedural default, Petitioner claims that he is actually innocent of the crimes for which he was convicted.  The miscarriage-of-justice exception for procedural defaults "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  To be credible, however, a claim of actual innocence "requires [the] petitioner to support his allegations

6

of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The petitioner's burden "is to demonstrate that more likely than not, in light of the new evidence . . . any reasonable juror would have reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006).

Petitioner's "new evidence" consists of a copy of baggage claim tickets and a flight summary. He offers these items as proof that he was on board an airplane flying from Florida to Michigan at a time when he supposedly was served with notice of the personal protection order (PPO). He contends that this is evidence of his innocence of the crimes for which he was convicted. The Michigan Court of Appeals, however, stated that "[t]he only charge against defendant in which the existence of a PPO was an element of the crime was aggravated stalking." Lilly, 2010 WL 5174471, at *4.

The Court of Appeals went on to say that, "[a]t trial, a proof of service indicated that defendant had been served was admitted without objection. Further, Teresa testified that defendant was aware of the PPO based on telephone conversations they had prior to the incident at issue." Id. The Court of Appeals concluded that, "[v]iewed in the appropriate light, and deferring to the jury's superior position to assess witness credibility, the evidence was sufficient to support the finding that defendant was aware of the PPO and thus was guilty of aggravated stalking." Id. (internal citation omitted).

In light of the proof of service and Teresa Lilly's testimony, Petitioner has failed to demonstrate that any reasonable juror, more likely than not, would have reasonable

7

doubt if the baggage claims and flight summary had been admitted at trial.  Petitioner has failed to allege a credible claim of actual innocence.

### III.  Conclusion

Petitioner's claims are procedurally defaulted because he failed to present them in a timely application for leave to appeal in the Michigan Supreme Court.  He has not shown "cause" for the procedural default or that a miscarriage of justice will occur as a result of the Court's failure to consider the merits of his claims.

Accordingly, the petition for a writ of habeas corpus [dkt. #1] is summarily dismissed with prejudice.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

### IV.  Certificate of Appealability

If Petitioner appeals this Court's decision, he must first obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right and (2) the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find the Court's procedural ruling debatable.  The Court therefore declines to issue a certificate of appealability.  Petitioner nevertheless

8

may proceed in forma pauperis on appeal because he was permitted to proceed in forma pauperis in the District Court.  Fed. R. App. P. 24(a)(3).


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail.

s/Bernadette M. Thebolt
Case Manager

9